CHRISTOPHER JOSEPH DESALVA (SBN 172209)
LAW OFFICE OF CHRISTOPHER JOSEPH DESALVA
45-902 Oasis Street, Suite D, Indio, CA 92201
Telephone: (760) 447-0031 | Email: desalvalaw@gmail.com

Attorney for Petitioner
CANDIDA ROSA AREAS PLATA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA — EASTERN DIVISION**

| | |
|---|---|
| **CANDIDA ROSA AREAS PLATA,**<br>A246-075-084,<br><br>Petitioner,<br><br>v.<br><br>**FERETI SEMAIA, Warden, Adelanto ICE Processing Center; JAIME RIOS, Field Office Director, U.S. Immigration and Customs Enforcement, Los Angeles Field Office; DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, Attorney General of the United States,**<br><br>Respondents. | Case No. ____________________<br><br>**VERIFIED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241; REQUEST FOR ORDER TO SHOW CAUSE WITHIN THREE (3) DAYS; DECLARATORY RELIEF**<br><br>**IMMEDIATE RELEASE REQUESTED** |

## I. INTRODUCTION

1. Petitioner CANDIDA ROSA AREAS PLATA is a 38-year-old native and citizen of Nicaragua with a pending application for asylum and a Master hearing calendared for September 30, 2026. She is presently confined at the Adelanto ICE Processing Center. She petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2241 and for immediate release from unlawful custody.

2. This case begins with a document the Government wrote itself. On February 14, 2023, U.S. Immigration and Customs Enforcement released Petitioner on her own recognizance on ICE Form I-220A. That order states on its face that release was ordered "[i]n accordance with section 236 of the Immigration and Nationality Act." It imposed conditions: report as directed, do not move without written permission, obey the law, assist with travel documents, and enroll in an Alternatives to Detention program with electronic monitoring. Exhibit A.

3. Petitioner kept those conditions for approximately three and one-half years. She reported to ICE in San Bernardino as directed — ICE's own Personal Report Record on the face of the I-220A documents her appearances. She lived at the same street address in Fontana continuously from 2022. She obtained employment authorization from the Department of Homeland Security, worked at two markets, paid her rent, attended her parish, and pursued her asylum claim before the Immigration Court. Exhibits A, E, H, K.

4. On August 14, 2026, Petitioner appeared at the ICE San Bernardino Sub-Office for a check-in appointment. She was there because ICE had directed her by electronic mail to appear at that place and time. An officer called her into an office, questioned her verbally about an incident from two months earlier, photographed her, handcuffed her, and sent her to Adelanto.

5. What did not happen that day is the substance of this Petition. Petitioner was given no written notice that ICE intended to revoke her release. She was given no written statement of any condition she was alleged to have violated. She was given no

opportunity to respond, to present evidence, or to be heard by any neutral decisionmaker before the handcuffs went on. On information and belief, no Notice of Custody Determination on Form I-286 has been served on her to this day. And the Government never executed the revocation mechanism printed on its own form: the block on the I-220A reading "I hereby cancel this order of release because:" remains blank. Exhibit A.

6. The Government's own conduct six weeks earlier refutes any suggestion of exigency. On July 1, 2026 — after the June 14, 2026 incident that the officer asked her about — Petitioner reported in person to the same ICE office as scheduled. ICE questioned nothing, revoked nothing, and let her go home. Nothing about Petitioner changed between July 1 and August 14. Only ICE's decision changed.

7. The June 14, 2026 incident itself will not bear the weight the Government must place on it. Petitioner went to the Fontana Police Department to make a report about a domestic argument with her partner of three and one-half years, a lawful permanent resident. Her partner came to the station, told the officer he had not been assaulted, and asked the officer not to arrest her. She was arrested anyway, and he posted her bail. An arrest is not a conviction. See INA § 101(a)(48)(A), 8 U.S.C. § 1101(a)(48)(A).

8. Petitioner does not ask this Court to review, delay, or disturb any removal order or any decision of the Immigration Court. There is no final order of removal in this case. She challenges the lawfulness of her physical custody and the procedures by which the Government took away a liberty the Government itself had granted — nothing more.

9. The remedy for a liberty taken without process is the restoration of that liberty. Petitioner respectfully requests that this Court issue an order to show cause returnable within three days under 28 U.S.C. § 2243, grant the writ, and order her immediate release — or, at a minimum, order her immediate release on conditions no more restrictive than those under which the Government itself had permitted her to live for the preceding three and one-half years.

## II. JURISDICTION AND VENUE

10. This Court has jurisdiction under 28 U.S.C. § 2241(c)(3), which extends the writ to a person "in custody in violation of the Constitution or laws or treaties of the United States"; under Article I, Section 9, Clause 2 of the United States Constitution; and under 28 U.S.C. § 1331. Declaratory relief is authorized by 28 U.S.C. §§ 2201–2202.

11. Petitioner is "in custody" for purposes of § 2241: she is physically confined at a federal immigration detention facility.

12. The Ninth Circuit has confirmed that district courts retain habeas jurisdiction over challenges to immigration detention. Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017). Neither 8 U.S.C. § 1226(e) nor 8 U.S.C. § 1252 strips that jurisdiction. Section 1226(e) bars review of discretionary judgments; it does not bar constitutional or statutory challenges to the framework of detention. Demore v. Kim, 538 U.S. 510, 516–17 (2003). And § 1252(b)(9) does not reach a challenge to detention itself as distinct from a challenge to a removal order. Jennings v. Rodriguez, 583 U.S. 281, 293–95 (2018).

13. Petitioner seeks no relief touching removal. She does not ask this Court to terminate proceedings, to grant relief from removal, or to review any order or ruling of an Immigration Judge or of the Board of Immigration Appeals.

14. Venue is proper in this District under 28 U.S.C. § 1391(e) because Petitioner is confined within this District and Respondents perform their official duties here. Adelanto lies in San Bernardino County, within the Eastern Division of this District.

15. Respondent Semaia, the Warden of the facility where Petitioner is confined, is her immediate custodian and is named first. Rumsfeld v. Padilla, 542 U.S. 426, 434–35 (2004). The remaining Respondents are named because they exercise legal and supervisory control over her custody.

## III. PARTIES

16. Petitioner CANDIDA ROSA AREAS PLATA is a native and citizen of Nicaragua, Alien Registration Number A246-075-084. She is detained at the Adelanto ICE Processing Center, 10250 Rancho Road, Adelanto, California 92301.

17. Respondent FERETI SEMAIA is the Warden of the Adelanto ICE Processing Center and Petitioner's immediate custodian. He is sued in his official capacity. The facility is operated under contract by a private entity; Respondent Semaia may require service separate from the federal Respondents.

18. Respondent JAIME RIOS is the Field Office Director for Enforcement and Removal Operations, Los Angeles Field Office, U.S. Immigration and Customs Enforcement, 300 North Los Angeles Street, Room 7621, Los Angeles, California 90012. The Los Angeles Field Office's area of responsibility includes San Bernardino County. He is sued in his official capacity.

19. Respondent DAVID VENTURELLA is the Acting Director of U.S. Immigration and Customs Enforcement, 500 12th Street SW, Washington, D.C. 20536. He is sued in his official capacity.

20. Respondent MARKWAYNE MULLIN is the Secretary of the U.S. Department of Homeland Security, 2707 Martin Luther King Jr. Avenue SE, Washington, D.C. 20528. He is sued in his official capacity.

21. Respondent TODD BLANCHE is the Attorney General of the United States, 950 Pennsylvania Avenue NW, Washington, D.C. 20530. He was confirmed by the United States Senate on August 8, 2026. He is sued in his official capacity.

## IV. EXHAUSTION IS NOT REQUIRED AND WOULD BE FUTILE

22. Section 2241 contains no statutory exhaustion requirement. In this Circuit, exhaustion of administrative remedies before seeking habeas relief from immigration

detention is prudential, and a prudential requirement may be waived. Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007).

23. Waiver is appropriate where administrative remedies are inadequate or not efficacious, where pursuing them would subject the petitioner to irreparable injury, or where resort to them would be futile. Laing v. Ashcroft, 370 F.3d 994, 1000–01 (9th Cir. 2004). Each ground is present here.

24. First, the administrative forum cannot reach this claim. Petitioner's injury is the manner in which ICE revoked its own release order — without notice, without a written determination, and without any opportunity to be heard. An Immigration Judge conducting a custody redetermination does not sit in review of the constitutional adequacy of ICE's revocation procedures. No order an Immigration Judge could enter would remedy the procedural deprivation that has already occurred.

25. Second, bond authority in the administrative forum is, as to Petitioner, contested and most likely absent. The Board of Immigration Appeals held in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), that Immigration Judges lack authority to hear bond requests from noncitizens present without admission. A district court in this District vacated that decision on February 18, 2026, but the Ninth Circuit stayed that order pending appeal on March 31, 2026. Bautista v. U.S. Dep't of Homeland Security, Nos. 25-7958, 26-1044 (9th Cir. Mar. 31, 2026). The Board has since reaffirmed Yajure Hurtado. Matter of N-A-G-C-, 29 I&N Dec. 662 (BIA 2026). An Immigration Judge applying that precedent would conclude he has no jurisdiction to release her.

26. Third, in staying those orders the Ninth Circuit reasoned that any harm to detained noncitizens was lessened because they "can seek habeas relief in their districts of confinement." Petitioner has done precisely that.

27. Fourth, Petitioner suffers irreparable injury each day she remains confined. That injury is aggravated by an untreated orthopedic condition described below at paragraphs 73 through 75.

## V. FACTUAL BACKGROUND

### A. Entry, Apprehension, and Release by the Department of Homeland Security

28. Petitioner was born in Managua, Nicaragua on May 30, 1988. Exhibit G.

29. She fled Nicaragua after being assaulted at her home in July 2022 by an armed group that she describes as government-aligned paramilitaries, following her resignation from a public hospital where she had maintained clinical data records. Exhibit K.

30. Petitioner was encountered by U.S. authorities on December 11, 2022 in the vicinity of the southern border. She was inspected and processed by the Department of Homeland Security and was released on December 16, 2022 on parole. Exhibits B, C.

31. That Petitioner was paroled is established by the Government's own records. Her Form I-385 Alien Booking Record bears the notation "PAROLE." The Form I-831 continuation page to that record states: "AS A CONDITION OF YOUR PAROLE YOU ARE TO REPORT TO THE IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE) OFFICE NEAR YOUR FINAL DESTINATION WITHIN 60 DAYS." She was separately served a Form PD G-56 call-in notice directing her to report to a local ICE office for enrollment in an Alternatives to Detention program. Exhibits B, C.

32. Petitioner reported to ICE as instructed and traveled to Fontana, California, where she has lived on the same street ever since.

33. On or about December 7, 2023, the Department of Homeland Security served Petitioner with a Notice to Appear placing her in removal proceedings under INA § 240, 8 U.S.C. § 1229a. The copy in counsel's possession, obtained from Petitioner's own records, charges her under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i). Exhibit D. Counsel has not yet obtained a certified copy from the record of proceedings; that the proceedings are pending is independently established by the Immigration Court's own hearing notice. Exhibit H.

34. The allegation supporting that charge — that Petitioner was "not then admitted or paroled after inspection by an Immigration Officer" — cannot be reconciled with the Department's own contemporaneous records, which state that she was paroled. Exhibits B, C. The charging document and the booking record cannot both be correct, and the error is the Department's own.

35. Petitioner is careful about the use to which she puts that inconsistency. She does not ask this Court to adjudicate her removability, to test the sufficiency of the charge, or to disturb any ruling of the Immigration Court; those are matters committed to that forum. She raises the inconsistency for one purpose only: Respondents' characterization of her manner of entry is the sole premise on which any reclassification of her custody to INA § 235(b)(2)(A) could rest, and that premise is contradicted by Respondents' own file.

**B. The Government's Own Order of Release Under INA § 236**

36. On February 14, 2023, ICE issued Petitioner an Order of Release on Recognizance, ICE Form I-220A. The order was signed by Deportation Officer Enrique Garcia and approved by Supervisory Detention and Deportation Officer Thomas Giles. Exhibit A.

37. The first page of that order states that Petitioner was "being released on [her] own recognizance" "[i]n accordance with section 236 of the Immigration and Nationality Act and the applicable provisions of Title 8 of the Code of Federal Regulations." Exhibit A. That is the Government's own written designation of the statutory basis for its custody authority over Petitioner: INA § 236, 8 U.S.C. § 1226.

38. The order imposed conditions. Petitioner was required to report for any hearing or interview as directed by ICE or the Executive Office for Immigration Review; to surrender for removal if so ordered; to report in person to a duty officer as directed; not to change her residence without written permission; not to violate any local, State, or Federal law; and to assist ICE in obtaining travel documents. Exhibit A.

39. The order further conditioned her release on "enrollment and successful participation in an Alternatives to Detention (ATD) program," subject to "electronic monitoring" and possible curfew. Exhibit A.

40. The order designated the ICE ERO San Bernardino Sub-Office, 655 West Rialto Avenue, San Bernardino, California, as the office to which Petitioner was to report. Exhibit A.

41. Critically, page one of the same form contains a pre-printed block reading "I hereby cancel this order of release because:", with checkboxes for "The alien failed to comply with the conditions of release" and "The alien was taken into custody for removal," followed by signature and date lines for the cancelling ICE official. On the copy in counsel's possession, that block is blank. No box is checked. No official has signed it. No date appears. Exhibit A.

**C. Three and One-Half Years of Compliance and Community Ties**

42. Petitioner complied with every condition of her release from February 14, 2023 until her re-detention on August 14, 2026 — a period of approximately three years and six months.

43. ICE's own records document that compliance. The Personal Report Record on page two of the I-220A reflects in-person reporting at the San Bernardino office with the notation "No Changes." Exhibit A. Petitioner reported on a periodic schedule set by ICE and appeared each time she was directed to appear.

44. The Department of Homeland Security granted Petitioner employment authorization. Her Employment Authorization Document, issued October 14, 2024, remains valid through October 13, 2029. Exhibit E. She was issued a Social Security number valid for work with DHS authorization. Exhibit F.

45. Petitioner has worked steadily at two grocery markets in the Inland Empire, beginning her workday in the early morning hours. Her current residence is 7908 Mango

Avenue, Apartment H3, Fontana, California 92336. She has lived on that same street continuously since her arrival in 2022.

46. Respondents' records from 2022 and 2023 list Petitioner's address on the same street at number 7894. Throughout the intervening period Petitioner continued to appear in person at the ICE office to which she was assigned, and Respondents' own Personal Report Record documents those appearances. Exhibit A. Respondents remained in continuous contact with Petitioner and knew where to reach her. No document issued by Respondents in this matter identifies any change of residence as a violation of her conditions of release, no such allegation was made to her on August 14, 2026, and none has been made since.

47. Petitioner attends Beato Juan XXIII Catholic Church in Fontana. She is the principal financial support for her mother in Nicaragua and for her two minor children, ages sixteen and fourteen, who remain in Nicaragua in her mother's care.

48. Petitioner has resided for approximately three and one-half years with her partner, Luis Avalos Guzman, a lawful permanent resident of the United States since 2018. Exhibit J.

49. No document produced by the Government in this matter contains any finding that Petitioner is a danger to the community or a flight risk. No such finding was made in February 2023, at any check-in thereafter, or on August 14, 2026.

**D. Pending Removal Proceedings and Asylum Application**

50. Petitioner has an application for asylum, withholding of removal, and protection under the Convention Against Torture pending before the Immigration Court. Her written declaration in support of that application is dated March 12, 2025. Exhibit K.

51. Petitioner's next hearing is a Master calendar hearing scheduled for September 30, 2026 at 8:30 a.m. before the Honorable Jason R. Waterloo at the Santa Ana Immigration Court, 1241 East Dyer Road, Suite 200, Santa Ana, California 92705. Exhibit H.

52. There is no final order of removal in this case. Petitioner is not detained under INA § 241, 8 U.S.C. § 1231. No custody review under 8 C.F.R. § 241.4 has occurred, no travel document has been sought or issued to counsel's knowledge, and no removal has been scheduled.

53. No hearing has been scheduled for Petitioner at the Adelanto Immigration Court. Her removal proceedings remain venued at the Santa Ana Immigration Court, and her next hearing remains the September 30, 2026 Master calendar hearing. Exhibit H. No custody hearing of any kind has been scheduled for Petitioner, and no mechanism is presently pending by which her custody will be reviewed.

54. Petitioner's partner has stated that he will transport her to every Immigration Court hearing and every ICE appointment, as he has done throughout her release. Exhibit J.

**E. The June 14, 2026 Incident in Fontana**

55. On June 14, 2026, Petitioner and her partner had an argument at their apartment in Fontana that began over whether to walk to a neighbor's house to look at a vehicle.

56. Petitioner drove to the Fontana Police Department to make a report. Her partner also came to the station. Officers interviewed them separately.

57. Petitioner's partner has stated that Petitioner never struck him, that in three and one-half years there had never been violence between them, that he did not know whether any mark on his forearm came from her or from the door he had put his own hand through, and that he told the officer he did not wish to press charges and asked the officer not to arrest her. He states the officer responded that the State of California would bring the charge. Exhibit J.

58. Petitioner was arrested. Bail was posted in the amount of $25,000 and she was released the same night. Her partner posted the bail and waited at the jail until her release.

59. As of the date of this Petition, no criminal charges have been filed against Petitioner arising from the June 14, 2026 incident. There is no conviction, no pending prosecution, and no accusatory pleading. An arrest is not a conviction under INA § 101(a)(48)(A), 8 U.S.C. § 1101(a)(48)(A). Petitioner has no other known criminal history in the United States.

**F. The July 2026 Check-In: The Government Took No Action**

60. On July 1, 2026 — approximately two weeks after the June 14, 2026 incident — Petitioner reported in person to ICE as scheduled.

61. ICE did not revoke her release at that appointment. ICE did not detain her. ICE did not serve her with any notice, warning, or written determination concerning the June 14 incident. She was permitted to go home and to continue working.

62. Between July 1, 2026 and August 14, 2026, nothing about Petitioner's circumstances changed. She did not move. She did not fail to report. She was not arrested again. She committed no act that anyone has identified in writing as a violation of her release conditions.

**G. The August 14, 2026 Re-Detention at a Government-Ordered Appointment**

63. ICE sent Petitioner an electronic mail message directing her to appear at the ICE office in San Bernardino on August 14, 2026 at 8:30 a.m. Exhibit M.

64. Petitioner appeared as directed, on time, voluntarily, and alone. She appeared because the Government told her to appear.

65. An ICE officer called Petitioner into an office and questioned her verbally about the June 14, 2026 incident. The officer photographed her. The officer then handcuffed her and had her transported to the Adelanto ICE Processing Center.

66. Petitioner was not served with any written notice of an intent to revoke her release before she was handcuffed.

67. Petitioner was not served with any written statement identifying a condition of release she was alleged to have violated.

68. Petitioner was not given any opportunity to respond to any allegation, to submit evidence, to present her partner's account, or to be heard by any neutral decisionmaker before she was taken into custody. Exhibit I.

69. On information and belief, no Notice of Custody Determination on Form I-286 has been served on Petitioner in connection with her August 14, 2026 detention. Counsel has requested that document and will lodge it with the Court immediately upon receipt.

70. On information and belief, no warrant of arrest on Form I-200 was shown or served on Petitioner on August 14, 2026. Counsel has requested any such warrant and will lodge it immediately upon receipt.

71. As of the filing of this Petition, Petitioner has been confined for ten (10) days. She remains confined.

**H. Property Taken From Petitioner**

72. At the time of her detention, Petitioner's personal property was taken from her, including a Samsung mobile telephone, a gold chain with a medallion, gold ring and gold earrings. No inventory or receipt for that property is in counsel's possession. Exhibit N is reserved for that receipt.

**I. Medical Condition and Care in Custody**

73. Petitioner sustained a fracture of her left ankle in the July 2022 assault described in her asylum declaration. She underwent open reduction and internal fixation on or about July 28, 2022; seven screws and two plates were implanted. Exhibit L.

74. Petitioner reports constant pain and swelling in the left foot and fluid retention in the knee. She has submitted two written requests for medical attention at Adelanto.

75. On information and belief, Petitioner has received ibuprofen and has not been evaluated by an orthopedic provider. Her condition and its management in custody bear on the weight of her liberty interest and on the irreparable character of her continued confinement.

## VI. LEGAL FRAMEWORK

### A. Civil Immigration Detention Must Serve a Legitimate Regulatory Purpose

76. Freedom from physical confinement is at the core of the liberty the Due Process Clause protects. Zadvydas v. Davis, 533 U.S. 678, 690 (2001). The Fifth Amendment protects all persons within the United States, including noncitizens, whether their presence is lawful or unlawful, temporary or permanent. Id. at 693.

77. Civil immigration detention is not punishment. It is permissible only where it serves the regulatory purposes of ensuring appearance and protecting the community, and only where it is accompanied by adequate procedural protections. Id. at 690–91.

78. In this Circuit, the Government must justify continued civil immigration detention by clear and convincing evidence that the individual is a flight risk or a danger. Singh v. Holder, 638 F.3d 1196, 1203–04 (9th Cir. 2011). No such showing has ever been attempted as to Petitioner.

### B. Petitioner's Custody Is Governed by INA § 236(a)

79. The immigration statutes divide detention authority. INA § 235, 8 U.S.C. § 1225, addresses applicants for admission at the threshold of entry. INA § 236, 8 U.S.C. § 1226, governs the detention of noncitizens already present in the United States pending a decision on removal. See Jennings v. Rodriguez, 583 U.S. 281, 288–90 (2018) (describing the framework).

80. The Government placed Petitioner in the § 236 track and said so in writing. Its Order of Release on Recognizance recites section 236 of the Act as the authority for

her release. Exhibit A. A Government-issued Form I-220A reciting INA § 236 is statutory evidence, not a clerical detail.

81. Detention under INA § 236(a), 8 U.S.C. § 1226(a), is discretionary. It contemplates an individualized custody determination and permits release on bond or on conditional parole. Its implementing regulations provide for a custody determination, notice of that determination, and redetermination. See 8 C.F.R. §§ 236.1, 1236.1, 1003.19.

82. Petitioner received none of that on August 14, 2026. No individualized determination was made or communicated. No I-286 was served. No basis for detention was stated in writing.

**C. A Government-Conferred Conditional Liberty May Not Be Revoked Without Process**

83. When the Government releases a person on conditions and that person abides by them, the Government's own act creates a protected liberty interest in remaining at liberty. The release order carries an implicit assurance that liberty will not be withdrawn unless the conditions are broken.

84. Whether the process afforded is constitutionally adequate is measured by the familiar three-factor inquiry: the private interest affected; the risk of erroneous deprivation under the procedures used and the probable value of additional safeguards; and the Government's interest, including the burden of the additional procedure. Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

85. District courts within the Ninth Circuit have applied that framework to the summary re-detention of noncitizens previously released by ICE and have found the practice constitutionally deficient. In Faizyan v. Casey, the court applied Mathews and held that summary revocation of a petitioner's conditional parole without an opportunity to be heard deprived him of due process. No. 3:25-cv-02884-BM-JLB, 2025 WL 3208844, at *7 (S.D. Cal. Nov. 17, 2025). Accord C.A.R.V. v. Wofford, No. 1:25-cv-

01395-JLT-SKO, 2025 WL 3059549, at *9 (E.D. Cal. Nov. 3, 2025) (finding a due process violation where the petitioner had originally been released on an order of release on own recognizance).

86. This District has granted equivalent relief. In F.A.L. v. Rios, the court enjoined the same Respondents from re-detaining the petitioner absent exigent circumstances "without providing Petitioner notice and a pre-detention hearing before a neutral adjudicator where Respondents will bear the burden to demonstrate a change in circumstances by clear and convincing evidence." No. 8:26-cv-00354-ODW (SKx) (C.D. Cal. Mar. 6, 2026) (order granting preliminary injunction).

87. The Government will invoke INA § 236(b), 8 U.S.C. § 1226(b), which provides that the Attorney General "at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien." That provision does not answer this Petition. It is a grant of authority, not a suspension of the Due Process Clause; a statute that permits the Executive to act says nothing about what process must attend the act. By its own terms it contemplates rearrest "under the original warrant" — and no warrant has been produced here. And it cannot be read to authorize revocation for no stated reason at all, which is what occurred on August 14, 2026.

**D. The Government May Not Switch Statutory Tracks to Escape Process**

88. Should Respondents now assert that Petitioner is subject to mandatory detention under INA § 235(b)(2)(A), 8 U.S.C. § 1225(b)(2)(A), that position would be irreconcilable with the Government's own release order and would confirm rather than cure the constitutional defect.

89. The two provisions are structurally inconsistent: one confers discretion to release with attendant procedural protection, and the other is said to command detention without it. Having chosen § 236 and conferred a conditional liberty on that basis, the

Government may not unilaterally relabel Petitioner under § 235 in order to withdraw the process that its first choice entailed.

90. A judge of this District has held, on the merits, that the Government's policy of applying § 1225(b)(2) to noncitizens arrested in the interior is unlawful and that § 1226(a) governs. Maldonado Bautista v. Santacruz, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025). Although the Ninth Circuit stayed the nationwide reach of the ensuing judgment on March 31, 2026, that judgment remains in effect within the Central District of California. Petitioner does not assert membership in the certified class; she relies on the reasoning.

91. The Board's contrary decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), is an agency construction of a statute. It commands no deference. Loper Bright Enterprises v. Raimondo, 603 U.S. 369 (2024). Courts decide what the statute means.

## VII. CLAIMS FOR RELIEF

**COUNT ONE — Violation of the Fifth Amendment Right to Procedural Due Process**

92. Petitioner realleges and incorporates each preceding paragraph.

93. The Government, by its written order of February 14, 2023, released Petitioner on conditions under INA § 236. That act conferred on Petitioner a liberty interest in remaining at liberty so long as she complied with the conditions imposed. She complied for approximately three and one-half years.

94. On the first Mathews factor, Petitioner's private interest is of the highest order and is not abstract. Her liberty was Government-conferred, Government-conditioned, and Government-supervised. Attached to it were authorized employment supporting a household, a residence of three years, a partner who is a lawful permanent

resident, a parish community, the financial support of a mother and two minor children abroad, and the ability to prepare and present a pending asylum claim.

95. On the second Mathews factor, the risk of erroneous deprivation was not merely high; the error occurred. The procedures used were a verbal question at a Government-scheduled appointment, a photograph, and handcuffs. There was no notice, no written statement of any alleged violation, no I-286, no neutral decisionmaker, and no opportunity to be heard. The safeguards Petitioner seeks are ordinary and inexpensive: written notice of the alleged basis for revocation and an opportunity to respond before a neutral adjudicator, with the burden on the Government. Their probable value is demonstrated by the record — the only witness to the incident that prompted her detention states that no assault occurred and that he asked the officer not to arrest her.

96. On the third Mathews factor, the Government's interest is slight on these facts. Appearance was already secured by an Alternatives to Detention program with electronic monitoring, by a documented reporting history, and by Petitioner's own pending asylum claim. Community safety rests on an arrest on which no charges have ever been filed, and as to which the alleged victim denies being assaulted. The Government's own decision not to detain Petitioner at the July 2026 check-in is evidence that it perceived no urgency. The administrative burden of notice and an opportunity to be heard is minimal.

97. Respondents' revocation of Petitioner's release, and her resulting and continuing confinement, therefore violate the Due Process Clause of the Fifth Amendment.

**COUNT TWO — Detention Contrary to INA § 236(a), 8 U.S.C. § 1226(a), and Its Implementing Regulations**

98. Petitioner realleges and incorporates each preceding paragraph.

99. By the Government's own written designation, Petitioner's custody is governed by INA § 236, 8 U.S.C. § 1226. Exhibit A.

100. Detention under § 1226(a) requires an individualized custody determination. The governing regulations provide for such a determination, for notice of it, and for redetermination. See 8 C.F.R. §§ 236.1, 1236.1, 1003.19.

101. Respondents made no individualized custody determination on August 14, 2026, or have made none that has been communicated to Petitioner or to counsel. No Notice of Custody Determination has been served. No finding of danger or flight risk has been made. No warrant has been produced.

102. Respondents also did not execute the revocation mechanism contained in their own order. The cancellation block on the Form I-220A is blank. Exhibit A.

103. Petitioner's detention is therefore not authorized by the statute under which Respondents themselves placed her, and it is contrary to the regulations implementing that statute.

**COUNT THREE — In the Alternative: Unlawful Reclassification Under INA § 235(b)(2)(A), 8 U.S.C. § 1225(b)(2)(A)**

104. Petitioner realleges and incorporates each preceding paragraph. This count is pleaded in the alternative and only in the event Respondents assert that Petitioner is detained under INA § 235(b)(2)(A).

105. If Respondents now claim authority under § 1225(b)(2)(A), they have abandoned the statutory basis of their own February 14, 2023 release order without notice to Petitioner and without any process whatever.

106. Any such reclassification would be contrary to the statutory scheme, which commits the detention of noncitizens already present in the United States pending removal proceedings to INA § 236. See Jennings, 583 U.S. at 288–90; Maldonado Bautista, 2025 WL 3289861.

107. The reclassification is weaker still as applied to Petitioner. The decisions on which Respondents would rely address noncitizens who entered without inspection. Petitioner did not. She was inspected by an immigration officer and released on parole, as

the Department's own booking record and Form I-831 continuation page state in terms. Exhibits B, C. A noncitizen whom the Government itself inspected and paroled, and then released a second time under INA § 236, is further still from the class of persons § 235(b)(2)(A) was written to reach.

108. To the extent Respondents contend that Petitioner's present detention rests on a termination of her parole, that contention fails on its own terms. The governing regulation permits termination on notice, and requires written notice of termination. 8 C.F.R. § 212.5(e)(2)(i). No written notice of parole termination was served on Petitioner on August 14, 2026 or at any time thereafter. An agency is bound by its own regulations.

109. Matter of Yajure Hurtado is not entitled to deference and does not control this Court's construction of the statute. Loper Bright Enterprises v. Raimondo, 603 U.S. 369 (2024). It is also inapposite on its facts: it addressed a respondent who crossed the border without inspection, not a noncitizen who was inspected and paroled.

110. To the extent Respondents rely on a reclassification to justify Petitioner's confinement, that confinement is contrary to law.

## VIII. RELEASE BY THIS COURT IS THE ONLY ADEQUATE REMEDY

111. The constitutional injury here is the taking of a liberty without process. The only remedy that answers that injury is the restoration of the liberty taken.

112. A remand to the immigration court would not supply that remedy. The deprivation occurred at ICE's counter, not in a courtroom. An Immigration Judge conducting a custody redetermination does not review whether ICE afforded constitutionally adequate process before revoking its own order of release.

113. Nor is the immigration forum realistically available to Petitioner. Matter of Yajure Hurtado remains binding Board precedent holding that Immigration Judges lack authority to hear bond requests from noncitizens present without admission. The order vacating that decision was stayed by the Ninth Circuit on March 31, 2026, and the Board

reaffirmed the holding in Matter of N-A-G-C-, 29 I&N Dec. 662 (BIA 2026). Petitioner does not assert membership in the class certified in Maldonado Bautista, and an Immigration Judge applying Yajure Hurtado to her would conclude that he lacks jurisdiction to order her release.

114. A proceeding whose outcome is foreclosed by binding agency precedent is not an adequate remedy. It would prolong, rather than cure, the constitutional violation.

115. Every day of continued confinement is an irreparable injury. The deprivation of constitutional rights constitutes irreparable harm, and the harm here is compounded by an untreated orthopedic injury and by the loss of the employment on which Petitioner's household and her family abroad depend. The confinement is sustained by nothing more than an arrest on which no charges have been filed. Nor is there any scheduled proceeding that will end it: no hearing has been set for Petitioner at Adelanto, and her next Immigration Court date is more than a month away in another division of the State.

116. This Court has the authority to order release, and courts in this District have exercised it in materially similar circumstances. The writ itself is the remedy.

117. Should the Court conclude that a remedy short of unconditional release is sufficient, the appropriate alternative is restoration of the status quo that existed before August 14, 2026: release on conditions no more restrictive than those Respondents themselves selected, imposed, and treated as adequate for three and one-half years — reporting as directed, residence subject to written approval, and participation in an Alternatives to Detention program with electronic monitoring. See paragraphs 38 through 40 above. That is not a lesser form of relief on some different claim. It is the same writ, with the remedy fitted to the violation: the Government took a conditional liberty without process, and the narrowest complete cure is to give that same conditional liberty back.

118. Petitioner emphasizes what this alternative is not. She does not request a custody redetermination hearing, a bond hearing, or a remand to the Immigration Court. For the reasons stated at paragraphs 112 through 114, such a proceeding could not

remedy the procedural deprivation that has already occurred and is in any event foreclosed to her by binding agency precedent. The alternative sought here is an order of this Court restoring her prior conditions of release, not a referral to another forum.

## IX. DECLARATORY RELIEF

119. An actual and justiciable controversy exists between Petitioner and Respondents concerning the lawfulness of her custody and the adequacy of the procedures by which her release was revoked.

120. Petitioner requests a declaration under 28 U.S.C. §§ 2201–2202 that Respondents violated the Due Process Clause of the Fifth Amendment by revoking her release and detaining her without notice, without a written statement of the alleged basis for revocation, and without an opportunity to be heard before a neutral decisionmaker; and that her detention is not authorized by INA § 236(a), 8 U.S.C. § 1226(a).

121. Declaratory relief remains necessary notwithstanding any release that may occur during the pendency of this Petition. Voluntary cessation by the Government does not moot the controversy, and Petitioner would remain subject to the same practice absent a declaration.

## X. PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully prays that this Court:

1. Issue an Order to Show Cause directing Respondents to show cause, within three (3) days pursuant to 28 U.S.C. § 2243, why the writ should not be granted;

2. Grant a Writ of Habeas Corpus and order Petitioner's IMMEDIATE RELEASE from the custody of Respondents on her own recognizance; or, in the

alternative, order Petitioner's immediate release on conditions no more restrictive than those in effect immediately before her re-detention on August 14, 2026;

3. Declare that Respondents violated Petitioner's right to procedural due process under the Fifth Amendment by revoking her release and detaining her without notice, without a written statement of the alleged basis for revocation, and without an opportunity to be heard before a neutral decisionmaker;

4. Declare that Petitioner's detention is not authorized by INA § 236(a), 8 U.S.C. § 1226(a);

5. Order Respondents to return to Petitioner all property taken from her at the time of her detention, including her Samsung mobile telephone, her gold chain and medallion, and her gold earrings;

6. Enjoin Respondents from transferring Petitioner outside the jurisdiction of this Court during the pendency of these proceedings;

7. Order Respondents to file a status report confirming Petitioner's release and the return of her property within twenty-four (24) hours of her release;

8. Award Petitioner her costs and reasonable attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, to be requested by a properly filed separate motion; and

9. Grant such other and further relief as this Court deems just and proper.

Dated: August 24, 2026

Indio, California

Respectfully submitted,

Christopher J. DeSalva

CHRISTOPHER JOSEPH DESALVA

Attorney for Petitioner Candida Rosa Areas Plata

**VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

I, CHRISTOPHER JOSEPH DESALVA, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California, State Bar Number 172209, and I am counsel of record for Petitioner Candida Rosa Areas Plata in this matter.

2. Petitioner is detained by U.S. Immigration and Customs Enforcement at the Adelanto ICE Processing Center in Adelanto, California, and by reason of that confinement she is unable to sign and verify this Petition personally.

3. Pursuant to 28 U.S.C. § 2242, which permits a petition for a writ of habeas corpus to be signed and verified by someone acting on the detained person's behalf, I verify this Petition on Petitioner's behalf.

4. I have reviewed the immigration records and exhibits in counsel's possession and have received information from Petitioner and from her family. Based on that review and on information and belief, the factual allegations set forth in this Petition are true and correct. As to matters stated on information and belief, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 24, 2026, at Indio, California.

Christopher J. DeSalva

CHRISTOPHER JOSEPH DESALVA
Attorney for Petitioner

## INDEX OF EXHIBITS

*Exhibits are ordered by first citation in the Petition.*

| Ex. | Document | Date | Cited at ¶ |
|---|---|---|---|
| A | ICE Form I-220A, Order of Release on Recognizance, with continuation page, addendum, out-processing checklist, and Form I-831 continuation (5 pp.) | 02/14/2023 | 2–3, 5, 36–41, 43, 46, 80, 99, 102 |
| E | USCIS Employment Authorization Document (valid through 10/13/2029) | 10/14/2024 | 3, 44 |
| H | EOIR next-hearing notice — Master hearing before Hon. Jason R. Waterloo, Santa Ana Immigration Court | 09/30/2026 | 3, 33, 51, 53 |
| K | Petitioner's declaration in support of asylum, with supporting country and medical documentation | 03/12/2025 | 3, 29, 50 |
| G | Passport of the Republic of Nicaragua | 10/14/2022 | 28 |
| B | DHS Form I-385, Alien Booking Record, bearing the notation "PAROLE," with Form I-831 continuation page; DHS Form PD G-56 call-in notice | 12/16/2022 | 30–31, 34, 107 |
| C | DHS record of inspection and processing (control page) | 12/16/2022 | 30–31, 34, 107 |
| D | DHS Form I-862, Notice to Appear (copy from Petitioner's records; certified copy from the record of proceedings not yet obtained by counsel) | served on or about 12/07/2023 | 33 |
| F | Social Security card (number redacted per Fed. R. Civ. P. 5.2) | — | 44 |
| J | Declaration of Luis Avalos Guzman, lawful permanent resident, with copy of Permanent Resident Card [DOCUMENT NOT YET AVAILABLE — to be lodged] | — | 48, 54, 57 |
| M | ICE electronic mail scheduling the August 14, 2026 check-in appointment [DOCUMENT NOT YET AVAILABLE — to be lodged] | 08/2026 | 63 |
| I | Declaration of Petitioner Candida Rosa Areas Plata [DOCUMENT NOT YET AVAILABLE — counsel is arranging a detained legal call] | — | 68 |
| N | [RESERVED] — ICE inventory or receipt for property taken from Petitioner at detention. No receipt is in counsel's possession; the property (Samsung telephone, gold chain and medallion, gold earrings) has not been returned. | 08/14/2026 | 72 |
| L | Medical documentation of left-ankle open reduction and internal fixation (seven screws, two plates) and Adelanto sick-call requests [PARTIALLY NOT YET AVAILABLE] | 07/28/2022; 2026 | 73 |

*Exhibits containing personal identifiers are redacted in accordance with Fed. R. Civ. P. 5.2 and Local Rule 5.2-1.*

## CERTIFICATE OF SERVICE

I, DR. VICTOR M. VIRUENA, declare as follows:

1. I am over the age of eighteen years and am not a party to this action. I am employed in Palm Desert, California, and I act in this matter on behalf of Christopher J. DeSalva, Esq., counsel for Petitioner.

2. On the date set forth below, I caused the foregoing VERIFIED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241; REQUEST FOR ORDER TO SHOW CAUSE WITHIN THREE (3) DAYS; DECLARATORY RELIEF, together with all exhibits thereto, to be filed electronically with the Clerk of the Court using the CM/ECF system.

3. The CM/ECF system sends notification of such filing to all Respondents and to all counsel of record, including the United States Attorney's Office for the Central District of California as counsel for the named Respondents.

4. Service is complete upon electronic filing pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Rule 5-3.2.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 24, 2026, at Palm Desert, California.

Dr. Victor Viruena

DR. VICTOR M. VIRUENA
On behalf of Christopher J. DeSalva, Esq.